IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN DAVIS, #1734875, § | | |
| PETITIONER, § | | |
| § | | |
| v. § | CIVIL CASE NO. 3:20-CV-1776-N-BK | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| RESPONDENT. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the construed petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** as unexhausted.[1]

**I. BACKGROUND**

On July 6, 2020, Petitioner Benjamin Davis, a state prisoner proceeding, filed a Step 1 Offender Grievance in this Court complaining that he is being "held here illegally." Doc. 3 at 1. The Clerk docketed the pleading as a habeas corpus petition. Because Davis' pro se pleading was largely incoherent and rambling, the Court issued a deficiency order requiring Davis to file a petition on the court form and pay the filing fee or file an application to proceed in forma

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

pauperis, to the extent he sought to proceed with a habeas corpus petition. Doc. 4. In response, Davis filed: (1) an inmate request for withdrawal with incoherent handwritten notations, (2) a motion to proceed in forma pauperis, and (2) an undecipherable "notice." Doc. 5; Doc. 6; Doc. 7.

The foregoing notwithstanding, a review of state records available online reflects that Davis was convicted of two counts of aggravated robbery and was sentenced to 40 years' imprisonment. *See State v. Davis*, Nos. F1059055-Y & F1059056-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex., Aug. 12, 2011), *aff'd*, Nos. 05-11-01182-CR & 05-11-01183-CR, 2013 WL 1819990 (Tex. App. – Dallas Apr. 30, 2013). Davis filed neither a petition for discretionary review nor a state habeas application. *See Davis v. Davis*, No. 3:19-CV-03052-N-BN, 2020 WL 806952 (N.D. Tex. Jan. 8, 2020), *R. & R. adopted*, 2020 WL 774390 (N.D. Tex. Feb. 18, 2020) (finding Davis' earlier § 2254 petition unexhausted). Thus, the Court concludes that Davis' petition is unexhausted and should be dismissed without prejudice.[2]

### II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271,

---

[2] Davis filed a motion to proceed *in forma pauperis* but did not file a proper certificate of inmate trust account. It is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

As stated supra, a review of Davis' pleading, construed here as a Section 2254 petition, and a search of the applicable state court online docket sheets confirm that Davis did not file a petition for discretionary review or a state habeas application challenging either of his convictions. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Davis' claims and, consequently, they remain unexhausted.[3]

### III.  CONCLUSION

For the foregoing reasons, the Davis' petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. See 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[4]

**SO RECOMMENDED** on August 25, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Dallas County and Texas Court of Criminal Appeals docket sheets are available respectively at: https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/. and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed Aug. 24, 2020).

[4] Davis is cautioned that the 1996 amendments to the habeas corpus statute impose a one year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2254(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this Court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).